# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60609
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2015

Lyle W. Cayce
Clerk

EDWARD V. RAY, JR.,

Plaintiff-Appellant

v.

CORRECTIONS CORPORATION OF AMERICA; MIRANDA RANKIN, Principal; SHIRLEY SPEIGHT, Library Aide; P. HAIL, CDCR Representative; C. BURNS, Associate Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:12-CV-118

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Edward V. Ray, Jr., California prisoner # F73521, filed a 42 U.S.C. § 1983 complaint alleging that he was denied access to the courts while incarcerated at the Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi. Ray alleged in his complaint that the inadequate access to updated legal materials at TCCF caused him to dismiss

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60609

meritorious federal habeas claims in his petition pending before the Northern District of California. The district court granted the defendants' motion for summary judgment, and Ray timely appealed.

This court reviews the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court draws all reasonable inferences in favor of Ray, the nonmoving party. *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013).

The summary judgment evidence indicates that Ray was not forced to dismiss his federal habeas claims, but rather chose to do so on his own motion. Further, at no point did Ray assert that he was dismissing his habeas claims because of a limited access to legal materials at TCCF. As Ray failed to show that the defendants' actions caused him to dismiss his federal habeas claims, the district court did not err in granting the defendants' summary judgment motion. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Accordingly, the judgment of the district court is AFFIRMED.